

COPY

Kathleen C. Jeffries
Cal. Bar No. 110362
Christopher C. McNatt, Jr.
Cal. Bar No. 174559
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790
kjeffries@scopelitis.com
cmcnatt@scopelitis.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CV 08-05266  GW  (CWx)

BARRETTE JASPER, on behalf of himself and all others similarly situated,

          Plaintiffs,

vs.

C.R. ENGLAND, INC., and DOES 1 through 100, inclusive,

          Defendants.

CASE NO._____

**CLASS ACTION**

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, C.R. England, Inc. ("C.R. England") hereby removes this case from the Superior Court of Los Angeles County, California, to the U.S. District Court for the Central District of California. In support of this removal, C.R. England states the following:

**1.    The Action.**    Plaintiff, Barrette Jasper, filed his Class Action Complaint for Damages, Injunctive Relief, and Restitution (the "Class Action Complaint"), captioned *Barrette Jasper, on Behalf of Himself and all Others Similarly Situated vs. C.R. England, Inc., and Does 1 Through 100 Inclusive,* Case No. BC-393631, in the Superior Court of Los Angeles County, California, on July 1, 2008. The Class Action Complaint asserts causes of action for (1) failure to pay overtime compensation in violation of Cal. Lab. Code § 510; (2) failure to provide

1   meal periods or compensation in lieu thereof in violation of Cal. Lab. Code
2   §§ 226.7 and 512, and applicable IWC Wage Orders; (3) failure to provide rest
3   periods or compensation in lieu thereof in violation of Cal. Lab. Code § 226.7 and
4   applicable IWC Wage Orders; (4) failure to comply with itemized employee wage
5   statement provisions in violation of Cal. Lab. Code §§ 226 and 1174 and
6   applicable IWC Wage Orders; (5) unauthorized deductions from earned wages in
7   violation of Cal. Lab. Code §§ 221-223 and 400, *et seq.*; (6) violations of the unfair
8   competition law in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (7)
9   violations of California's Private Attorney General Act of 2004 ("PAGA").
10  Copies of all the pleadings and papers filed by Plaintiff in the Superior Court of
11  Los Angeles County, California of which C.R. England is aware are attached as
12  *Exhibit A.*

13      **2.     Statutory Grounds for Removal.** This action is removable under 28
14  U.S.C. § 1441(a), 28 U.S.C. § 1441(b), and 28 U.S.C. § 1453.   28 U.S.C.
15  §§ 1441(a), (b) provide for the removal of state court civil actions over which U.S.
16  District Courts have original jurisdiction. As is explained in greater detail below,
17  this Court has original jurisdiction over this case under 28 U.S.C. § 1332(d)(2)
18  because this is a class action in which the proposed class includes at least 100
19  members, the amount in controversy exceeds $5 million, exclusive of interest and
20  costs, and Plaintiff and C.R. England are citizens of different states. As such, this
21  action is removable pursuant to 28 U.S.C. § 1453, which provides that a class
22  action may be removed to a federal district court in accordance with 28 U.S.C.
23  § 1446.

24      **3.     Citizenship of the Parties.** Plaintiff alleges he is a resident of the
25  state of California, *Class Action Complaint,* ¶ 1, and he is therefore a citizen of
26  California. C.R. England is a Utah corporation with its principal place of business
27  located in Utah. C.R. England is therefore a citizen of Utah. 28 U.S.C. 1332(c).
28  Plaintiff's naming of unidentified "Doe" defendants is irrelevant to removability.

1   *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the
2   citizenship of defendants sued under fictitious names shall be disregarded.");
3   *Kruso v. Int'l Tel. & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (the
4   naming of Doe defendants cannot defeat diversity jurisdiction).  Thus, Plaintiff and
5   C.R. England are citizens of different states, and the diversity requirements of 28
6   U.S.C. §§ 1332(a)(1) and 1332(d)(2) are satisfied.

7       **4.**    **The Aggregate Number of Proposed Class – 28 U.S.C. §**
8   **1332(d)(5)(B).**  Plaintiff defines the proposed class to consist of "[a]ll employee
9   truck drivers of C.R. England who were employed in California during the
10  applicable statute of limitations."  *Class Action Complaint*, ¶ 6.  Based on this
11  allegation and from a review of its payroll records, C.R. England has determined
12  that it employed at least 1,000 employee truck drivers in California during the four
13  years preceding the filing of the Class Action Complaint and that, therefore, the
14  aggregate number of the proposed class is at least 1,000 members.  As a result, the
15  proposed class in this case meets the 100 members or greater requirement of 28
16  U.S.C. § 1332(d)(5)(B).

17      **5.**    **Amount in Controversy – 28 U.S.C. § 1332(d)(2).**  C.R. England
18  denies all of Plaintiff's material allegations.  To the best of C.R. England's
19  information and belief, and without admitting either that it is engaged in any
20  improper conduct, that Plaintiff's claims have any merit, or that Plaintiff and the
21  putative class are entitled to any of the relief they request, the amount in
22  controversy by virtue of the claims asserted by Plaintiff on behalf of the putative
23  class exceeds $5 million, exclusive of interest and costs.  As stated, based on
24  Plaintiff's proposed class and a review of its payroll records, C.R. England
25  estimates that there are at least 1,000 putative class members (i.e., employee truck
26  drivers in California) during any calendar year from 2004 to the present.  Based on
27  payroll records, C.R. England also estimates the average hourly pay rate earned by
28  Plaintiff and the putative class members during this period is at least $13 per hour

1    and Plaintiff and the putative class members work on average at least 50 hours per

2    week.

3           In his Class Action Complaint, Plaintiff's First Cause of Action asserts that

4    Plaintiff and the putative class members are entitled to damages for C.R. England's

5    alleged failure to pay overtime compensation in violation of Cal. Lab. Code § 510

6    between July 1, 2004 and July 1, 2008. *See Class Action Complaint,* ¶¶ 6, 23-27.

7    If Plaintiff proves that each of the approximately 1,000 California-employed truck

8    drivers that earned wages between July 1, 2004 and July 1, 2008 are entitled to one

9    hour of overtime per week for those weeks, Plaintiff's First Cause of Action alone

10   would amount to $1.352 million, based on each employee earning an average of

11   $13 per hour and working an average of 50 hours per week.

12          In his Class Action Complaint, Plaintiff's Second and Third Causes of

13   Action assert that Plaintiff and the putative class are entitled to recover from C.R.

14   England two additional hours of pay for each workday that meal and rest breaks

15   were not provided to them pursuant to Cal. Labor Code §§ 512 and 226.7 and

16   applicable IWC Wage Orders. *See Class Action Complaint,* ¶¶ 28-38.  If Plaintiff

17   proves that each of the 1,000 annual class members is entitled to recover two hours

18   of pay per day for missed meal and rest breaks at an average pay of $13 per hour,

19   Plaintiff's meal and rest period claims for the time period July 1, 2004 to July 1,

20   2008 would amount to $5.408 million.

21          In his Class Action Complaint, Plaintiff's Fourth Cause of Action asserts

22   that Plaintiff and the putative class is entitled to damages for C.R. England's

23   alleged failure to provide drivers employed in California between July 1, 2007 and

24   July 1, 2008 – conservatively estimated at 1,400 drivers (the number of employee

25   drivers increased each year from 2004 to the present) -- itemized wage statements

26   pursuant to Cal. Lab. Code §§ 226 and 1174, and provisions of the applicable IWC

27   Wage Orders. *See Class Action Complaint,* ¶¶ 39-44.  If Plaintiff proves itemized

28   wage statements were not provided to each of the approximately 1,400 California

employee truck drivers who earned wages between July 1, 2007 and July 1, 2008, Plaintiff's Fourth Cause of Action alone would amount to $5 million, based on the $4,000 per employee cap, pursuant to Cal. Labor Code § 226(e).

For each cause of action, Plaintiff also claims the recovery of penalties under PAGA and attorney fees under the relevant statutes applicable to those causes of action. Under PAGA, Plaintiff therefore seeks a penalty of $100 per week for the first violation and $200 per week for each succeeding violation of the Cal. Labor Code. Based on the minimum number of 1,000 California employees between July 1, 2004 and July 1, 2008, Plaintiff is seeking on behalf of the putative class $10,300 per year per driver or a total of $13,320,000 per year for each of four years under PAGA. Because there are statutes authorizing an award of attorney fees in connection with those five causes of action, Plaintiff's anticipated attorney fees are also to be included in calculating the amount in controversy for purposes of determining the jurisdictional amount. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney fees award may be included in the amount in controversy when an underlying statute authorizes their award).

Thus, Plaintiff's allegations establish that the amount in controversy in this class action is in excess of 28 U.S.C. § 1332(d)(2)'s $5 million jurisdictional threshold.

6. **Class Action.** This case is a class action within the meaning of 28 U.S.C. §§ 1332(d)(2) and 1453. Those statutes provide that a class action is a civil action filed either under Rule 23 of the Federal Rules of Civil Procedure or under a similar state statute or rule that authorizes one or more representative persons to maintain a class action. *Id.* In this case, Plaintiff's Class Action Complaint expressly states at ¶ 5 that Plaintiff has filed it as such under Cal. Code of Civil Procedure, § 382, which authorizes representative actions. There are more than 100 persons falling within the class definition set out at ¶ 6 of the Class Action Complaint.

Case No. _____

1    **7.    Timeliness of Removal.**    Pursuant to 28 U.S.C. § 1446(b), a

2    defendant must file its notice of removal within 30 days of receiving a copy of the

3    complaint.   C.R. England's resident agent received a copy of the Summons and

4    Class Action Complaint on July 10, 2008.   Thirty days from July 10, 2008 is

5    Saturday, August 9, 2008.  C.R. England's notice of removal is accordingly due to

6    be filed on this date, Monday, August 11, 2008. *See* Fed.R.Civ.P. 6(a); *Williams v.*

7    *Leonard,* 2003 WL 163183, *1 (N.D. Cal. 2003).

8    **8.    Notice of Removal to Adverse Parties and to State Court Clerk.**

9    Pursuant to 28 U.S.C. § 1446(d), C.R. England will give written notice of this

10   removal to Plaintiff and to the Clerk of the Superior Court of Los Angeles County,

11   California.   Specifically, promptly after filing this Notice of Removal, C.R.

12   England will send to Plaintiffs and will file with the Clerk of the Superior Court of

13   Los Angeles County, California a Notice of Removal to Adverse Parties and State

14   Court Clerk, a true and correct copy of which is attached hereto as *Exhibit B.*

15   **9.    No Waiver.** By filing this Notice of Removal, C.R. England does not

16   waive any available defenses.

17   WHEREFORE, C.R. England respectfully removes this case to this Court.

18   Dated:  August 11, 2008

Respectfully submitted,

Kathleen C. Jeffries
Christopher C. McNatt, Jr.

Attorneys for Defendant,
C.R. England, Inc.

Case No. _____

Exhibit "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
C.R. ENGLAND, INC., and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BARRETTE JASPER, on behalf of himself and others similarly situated,

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 01 2008

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
D.M. SWAIN

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* BC393631 |
|---|---|

Los Angeles County Superior Court
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian Van Vleck (SBN 155250); Anthony J. Zaller (SBN 224844)    Tel: (213) 996-8445    Fax: (213) 996-8378
Van Vleck Turner & Zaller LLP
555 W. Fifth Street, 31st Floor
Los Angeles, CA 90012

| DATE: *(Fecha)* JUL 01 2008    John A. Clarke | Clerk, by *(Secretario)* D.M. Swain | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* C.R. England, Inc.
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

[SEAL]

American LegalNet, Inc
www.USCourtForms.com

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CONFORMING
COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 0 1 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
D M SWAIN

1  VAN VLECK TURNER & ZALLER LLP
2    Brian Van Vleck, State Bar No. 155250
    Anthony Zaller, State Bar No. 224844
    555 West Fifth Street
3  31st Floor
  Los Angeles, California 90013
4  Telephone: (213) 996-8445
  Facsimile: (213) 996-8378
5
  Attorneys for Plaintiff
6  BARRETTE JASPER

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 10  BARRETTE JASPER, on behalf of himself and others similarly situated, | Case No.   BC393631 |
| 11 | **CLASS ACTION** |
| 12              Plaintiffs, | **COMPLAINT FOR:** |
| 13     v. | **(1)   FAILURE TO PAY OVERTIME;** |
| 14  C.R. ENGLAND, INC.; and DOES 1-100, Inclusive. | **(2)   FAILURE TO PROVIDE MEAL BREAKS OR PREMIUM COMPENSATION FOR MISSED MEAL BREAKS** |
| 15 | |
| 16              Defendants. | |
| 17 | **(3)   FAILURE TO PROVIDE REST BREAKS OR PREMIUM COMPENSATION FOR MISSED REST BREAKS;** |

18

19  **(4)   FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**

20

21  **(5)   UNAUTHORIZED DEDUCTIONS FROM EARNED WAGES;**

22

23

24

25

26

27

28

VAN VLECK
TURNER & ZALLER, LLP

      CLASS ACTION COMPLAINT

1  Plaintiff Barrette Jasper files this Complaint against C.R. England, Inc., which on
2  information and belief does business throughout the state of California, and DOES 1-100,
3  (collectively, "Defendants"). Plaintiff is informed, believes and alleges as follows:

4  <u>**THE PARTIES**</u>

5      1.     Plaintiff, Barrette Jasper ("Plaintiff"), is a former employee of C.R. England, who
6  has resided in California at all times relevant hereto. Plaintiff worked as a driver for C.R. England
7  from approximately August 2007 to February 2008.

8      2.     C.R. England is one of the leading providers of transportation services throughout
9  the United States. At all times relevant hereto, Defendant C.R. England has done business
10 throughout the State of California, including the County of Los Angeles.

11     3.     Does 1 through 100, inclusive, are sued as fictitious names since their true names
12 and capacities are unknown to Plaintiff. When their true names and capacities are ascertained,
13 Plaintiff will amend the Complaint to state the same. On information and belief, some of the
14 fictitiously named defendants are officers, directors, employees and/or agents of Defendants.

15 <u>**JURISDICTION AND VENUE**</u>

16     4.     Jurisdiction is proper in this Court by virtue of California statutes, decisional law,
17 regulations. Venue in this Court is proper in that C.R. England conducts business in the County of
18 Los Angeles and C.R. England violated the rights of persons employed by C.R. England in the
19 County of Los Angeles.

20 <u>**CLASS ALLEGATIONS**</u>

21     5.     This action is being brought on behalf of Plaintiff and all others similarly situated
22 (collectively, "Plaintiffs" or "the Class"), as a class action pursuant to California Code of Civil
23 Procedure section 382.

24     6.     Plaintiff thus seeks to represent all employee truck drivers of C.R. England who
25 were employed in California during the applicable statute of limitations. Plaintiff reserves his right
26 under Rule 3.765 of the California Rules of Court to amend or modify the Class description with
27 greater specificity or by further division into subclasses or limitation to particular issues.

28

VAN VLECK
TURNER & ZALLER, LLP

1

CLASS ACTION COMPLAINT

1    7.    Plaintiff is a member of the Class he seeks to represent and is the proposed

2  representative of the Class in the present litigation.

3    8.    While the exact number of members of the Class is unknown to Plaintiff at this time

4  and can only be determined by appropriate discovery, membership in the class is readily

5  ascertainable from the records Defendants are required to keep by law.  Plaintiff is informed and

6  believes that the Class is sufficiently numerous that individual joinder of all members is impractical

7  and the resolution of the claims alleged through the class action procedure will be beneficial to the

8  parties and the court.

9    9.    Plaintiff will fairly and adequately represent the interests of the Class which he

10 proposes to represent.  Plaintiff is an adequate representative as he has no interests which are

11 adverse to the interests of the Class.  Plaintiff is committed to the vigorous prosecution of this

12 action and, to that end, has retained counsel who are competent and experienced in handling

13 employment-related class action litigation.

14    10.    The claims of Plaintiff are typical of the claims of the other members of the Class

15 because Plaintiffs and each member of the Class have been subjected to the same systemic

16 violations of their statutory rights and, as a result, have been denied the same types of wages and

17 benefits required by law.

18    11.    Common questions of law and fact exist as to the claims of the members of the

19 Class.  Such common questions predominate over the questions, if any, which affect only

20 individual members.  Such common questions include, but are not limited to:

21    a.    Whether Defendant C.R. England has followed a consistent policy of refusing to pay

22       premium overtime compensation required by California law, including time-and-one

23       half premium pay for all hours worked in excess of eight per day or forty per week.

24    b.    Whether Defendant C.R. England has followed a consistent policy of refusing to

25       schedule or provide class members with a 30-minute uninterrupted meal break, as

26       mandated by Labor Code section 512, before commencing their sixth hour of

27       continuous work;

28

c. Whether Defendant C.R. England has followed a policy of refusing to pay the one hour of premium pay owed to its employees pursuant to Labor Code section 226.7 for each occasion on which they were required to work without a full, uninterrupted statutory meal break;

d. Whether Defendant C.R. England has followed a consistent policy of refusing to permit class members to take an uninterrupted 10-minute rest break, as mandated by Labor Code section 512, before commencing their fourth hour of continuous work;

e. Whether Defendant C.R. England has followed a policy of refusing to pay the one hour of premium pay owed to its employees pursuant to Labor Code section 226.7 for each occasion on which they were required to work without a full, uninterrupted statutory rest break;

f. Whether Defendant C.R. England has followed a consistent policy of failing to provide itemized wage statements to its California employees that include all of the information required by Labor Code section 226(a), including the applicable regular and overtime rates for all hours worked, the total hours worked, the premium pay earned for foregoing meal and rest breaks, and the name and address of the legal entity which actually employs the worker.

g. Whether Defendant C.R. England has followed a consistent policy of taking unauthorized deductions, including legal fees and wire transfer costs, from earned employee wages in order to pay the business expenses of the employer in violation of Labor Code sections 221-223.

12. A class action is superior to other available methods of adjudicating the claims asserted in this action for reasons including, but not limited to:

a. The expense and burden of individual litigation make it economically unfeasible for each member of the Class to seek a separate, individual remedy;

b. If separate lawsuits were brought individually by each member of the class it would cause undue hardship and expense to the Court and litigants by necessitating multiple trials of similar factual and legal issues;

VAN VLECK
TURNER & ZALLER LLP

1         c.   The prosecution of separate individual actions would create the risk of inconsistent

2            adjudications of similar factual and legal issues; and

3         d.   Absent a class action, there would be a failure of justice, as Defendants would retain

4            the benefit of their illegal conduct and wrongdoing.

5       13.   Defendants have acted or refused to act on grounds generally applicable to the

6   Class, thereby making appropriate final declaratory relief with respect to the Class as a whole and

7   necessitating that any other such relief be extended to the Class on a mandatory, class wide basis.

8       14.   Plaintiff is aware of no difficulty which will be encountered in the management of

9   this litigation which should preclude its maintenance as a class action.

10       15.   The names and addresses of many, if not all, of the members of the Class are

11   available from Defendants' own records.  Notice can be provided to members of the Class via first

12   class mail or otherwise using techniques and a form of notice similar to those customarily used in

13   employment class actions under California law.

14       16.   In addition to a certified class action pursuant to Code of Civil Procedure section

15   382, Plaintiff also seeks to proceed on behalf of similarly situated employees pursuant to the

16   California Private Attorney Generals Act, Labor Code section 2698 et seq. ("PAGA").  Plaintiff

17   has exhausted, or is in the process of exhausting, all administrative prerequisites to maintaining

18   such a representative action.  Plaintiff seeks to recover all penalties authorized by the PAGA and/or

19   California Labor Code on behalf of the Class and the State of California.

20                                     **GENERAL ALLEGATIONS**

21       17.   Plaintiff has been employed by C.R. England as an intra-state driver during times

22   within the statute of limitations period.  In that capacity he has been compensated throughout his

23   employment with C.R. England on a non-exempt basis.

24       18.   Throughout Plaintiff's employment with C.R. England in California, he has been

25   subjected to C.R. England's common corporate policy of non-compliance with California labor

26   laws, including C.R. England's non-payment of overtime, C.R. England's failure to provide meal

27   and rest breaks, C.R. England's failure to pay premium compensation equal to one hour's pay for

28   all missed meal and rest breaks, C.R. England's failure to provide accurate itemized wage

1  statements, and C.R. England's unauthorized deductions from earned wages to recover its business

2  expenses.

3         19.     This conduct toward Plaintiff is consistent with C.R. England's uniform state-wide

4  policy and practices throughout its California operations.  According to this policy and practice,

5  C.R. England refuses to pay accrued premium compensation for foregone meal and rest breaks

6  either during employment or as part of the employee's final paycheck.  C.R. England maintains this

7  policy despite the fact that the amount of accrued premium pay for foregone meal periods which is

8  due and owing pursuant to its own internal time records is readily ascertainable and cannot be

9  denied in good faith.

10        20.     Throughout his employment in California C.R. England also failed to provide

11 Plaintiff with accurate itemized pay statements in compliance with Labor Code section 226(a).  In

12 particular, Plaintiff's pay statements failed to record the premium pay which he earned as a result

13 of working overtime or foregoing meal and rest breaks.  Moreover, the pay statements provided by

14 C.R. England were consistently unintelligible and failed, among other defects, to identify the "total

15 hours worked by the employee," "the number of piece-rate units earned and any applicable piece

16 rate," the "name and address of the legal entity," and "all applicable hourly rates in effect during

17 the pay period and the corresponding number of hours worked at each hourly rate."

18        21.     This conduct toward Plaintiff is consistent with C.R. England's uniform state-wide

19 policy and practice of failing to provide accurate itemized pay statements in compliance with Labor

20 Code section 226(a).

21        22.     Pursuant to California Labor Code section 206.5, any purported agreement to waive

22 the minimum labor standards provided by California law "shall be null and void."  Labor Code

23 section 219(a) provides that "no provision in this article may be set aside by a private agreement."

24 Labor Code section 1194(a), likewise prohibits any purported agreement to work for "less than the

25 legal minimum wage or the legal overtime compensation applicable to the employee."  In the

26 present action Plaintiff is exclusively seeking to recover the compensation due him and the putative

27 class under the non-waivable minimum labor standards prescribed by the California Labor Code

28 and Wage Orders.  Plaintiff is exclusively seeking to enforce the statutory rights and remedies of

1   the Labor Code and Wage Orders and is not seeking to enforce any right or remedy created by any

2   collective bargaining agreement.

3

4                            **FIRST CAUSE OF ACTION**

5              **FAILURE TO PAY STATUTORY OVERTIME COMPENSATION**

6              **(By Plaintiff and the Class against all Defendants)**

7       23.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation

8   contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

9       24.     Pursuant to California Labor Code Section 510, subdivision (a), "Eight hours of

10   labor constitutes a day's work." Thus, the Labor Code California law requires, *inter alia*, that "any

11   work in excess in excess of eight hours in one workday and any work in excess of 40 hours in any

12   one workweek . . . shall be compensated at the rate of no less than one and one half times the

13   regular rate of pay for the employee."

14       25.     Notwithstanding these clear and unambiguous requirements, Defendants have failed

15   and refused to pay the premium overtime compensation required by law to Plaintiff and the

16   members of the putative Class.

17       26.     Pursuant to the California Unfair Competition Law, Business and Professions Code

18   section 17200 *et. seq.* (the "UCL"), this conduct constitutes an unfair business practice entitling

19   Plaintiff and the Class to obtain restitution of all unpaid amounts as well as all appropriate

20   equitable relief available under the UCL.

21       27.     Plaintiff and the Class are further entitled to payment of applicable interest,

22   penalties, attorney fees and costs, and such other penalties and legal and equitable remedies as are

23   provided by law for Defendants' improper conduct, including penalties provided under the Labor

24   Code Private Attorney General Act of 2004 ("PAGA").

25   ///

26   ///

27   ///

28   ///

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAKS AND PREMIUM

### COMPENSATION FOR MISSED MEAL PERIODS

#### (By Plaintiff and the Class against all Defendants)

28.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

29.    Pursuant to California Labor Code Section 512 and applicable Wage Orders, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, during which time the employee must be fully relieved of all duty.  Each failure to provide the specified meal period entitles the employee to receive an additional compensation premium equal to one hour of pay.

30.    Pursuant to California Labor Code sections 226 and 1174, and applicable Wage Order provisions, Defendant C.R. England is required to keep accurate, itemized records of all hours worked and all compensation earned by Plaintiff and similarly situated employees.

31.    Notwithstanding these provisions of law, Defendants have willfully refused to provide meal breaks to Plaintiff and the Class, or to pay the compensation earned by these employees as a consequence of working without timely breaks as required by law.

32.    Pursuant to the California Unfair Competition Law, Business and Professions Code section 17200 et. seq. (the "UCL"), this conduct constitutes an unfair business practice entitling Plaintiff and the Class to obtain restitution of all unpaid amounts as well as all appropriate equitable relief available under the UCL.

33.    As a consequence of Defendants' conduct, Plaintiff and the Class are further entitled to payment of applicable interest, penalties, attorney fees and costs, and such other penalties and legal and equitable remedies as are provided by law for Defendants' improper conduct, including penalties provided under the Labor Code Private Attorney General Act of 2004 ("PAGA").

///

///

///

Van Vleck
Turner & Zaller, LLP

7

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS AND FAILURE TO PAY**

**PREMIUM COMPENSATION FOR MISSED REST PERIODS**

**(By Plaintiff and the Class against all Defendants)**

34.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

35.   Pursuant to applicable Wage Orders, an employer may not employ an employee for a continuous work period of more than four hours per day without providing the employee with a rest period of not less than 10 minutes, during which time the employee must be fully relieved of all duty.  Pursuant to Labor Code section 226.7, each failure to provide a compliant rest period entitles the employee to receive an additional compensation premium payment equal to one hour of pay.

36.   Notwithstanding these provisions of law, Defendants have willfully refused to provide rest breaks to Plaintiff and the Class, or to pay the compensation earned by these employees as a consequence of working without timely rest breaks as required by law.

37.   Pursuant to the California Unfair Competition Law, Business and Professions Code section 17200 et. seq. (the "UCL"), this conduct constitutes an unfair business practice entitling Plaintiff and the Class to obtain restitution of all unpaid amounts as well as all appropriate equitable relief available under the UCL.

38.   As a consequence of Defendants' conduct, Plaintiff and the Class are further entitled to payment of applicable interest, penalties, attorney fees and costs, and such other penalties and legal and equitable remedies as are provided by law for Defendants' improper conduct, including penalties provided under the Labor Code Private Attorney General Act of 2004 ("PAGA").

///

///

///

///

///

VAN VLECK
TURNER & ZALLER, LLP

8

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

#### (By Plaintiff and the Class against all Defendants)

39.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

40.     Pursuant to California Labor Code sections 226 and 1174, and provisions of the applicable Wage Orders, Defendants are required to maintain and provide accurate records relating to employee compensation including all formulas and production records used to calculate wages due, including any wages earned under any incentive, bonus or piece rate compensation plan.

41.     Defendants are further required to provide semimonthly or at the time of each payment of wages, an accurate itemized statement showing: (1) gross wages earned; (2) total hours worked by any non-exempt employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions from wages; (5) net wages earned; (6) the inclusive dates of the period for which the employee is being paid; (7) the name of the employee; (8) the name and address of the legal entity that is the employee's actual employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

42.     Notwithstanding these provisions, Defendants have engaged in a uniform practice of refusing to maintain and provide the accurate records and wage statements required by California law. This policy has included the failure to specify the applicable wage rates for each hour of work, failure to list the total hours worked, the failure to record and disclose compensation earned by employees under Labor Code section 226.7 for working through statutory meal and rest breaks, and the failure to disclose the name and address of the legal entity actually employing the employee.

43.     Plaintiff and the Class have suffered actual injury as a result of having been deprived of the true facts pertaining to their compensation and employment.

44.     As result, Plaintiff and the Class seek recovery of all authorized penalties, including penalties under Labor Code section 226(e) and the Labor Code Private Attorney General Act of

1  2004 ("PAGA"), as well as such other penalties or other legal and equitable remedies as are

2  provided by law to redress Defendants' improper conduct, including applicable interest, penalties,

3  attorney fees and costs.

## FIFTH CAUSE OF ACTION

### UNAUTHORIZED DEDUCTIONS FROM EARNED WAGES

#### (By Plaintiff and the Class against all Defendants)

7      45.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation

8  contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

9      46.    California Labor Code section 221-223 and sections 400 et seq., as interpreted by

10  the California Supreme Court, prohibit employers from subjecting employees to unpredictable

11  deductions or requiring employees to act as the insurer of the insurer of the employer's business

12  costs.

13      47.    Notwithstanding these provisions, Defendants have engaged in a uniform practice of

14  deducting items of their own business expenses from the wages of drivers and other non-exempt

15  employees, including expenses for wire transfers and legal costs.

16      48.    Plaintiff and the Class have suffered actual injury as a result of having been

17  deprived of the true facts pertaining to their compensation and employment.

18      49.    As result, Plaintiff and the Class seek restitution of all wrongfully deducted amounts

19  and recovery of all authorized penalties, including penalties under the Labor Code Private Attorney

20  General Act of 2004 ("PAGA"), as well as such other penalties or other legal and equitable

21  remedies as are provided by law to redress Defendants' improper conduct, including applicable

22  interest, penalties, attorney fees and costs.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

VAN VLECK
TURNER & ZALLER, LLP

10

CLASS ACTION COMPLAINT

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.      For compensatory damages, in an amount according to proof;

2.      For all statutory penalties authorized by law.

3.      For restitution of all wrongfully withheld amounts and disgorgement of all ill-gotten profits, in an amount according to proof;

4.      For a declaration that Defendants have engaged in unfair competition in violation of the California Unfair Competition Law, Business and Professions Code section 17200 *et seq.*

5.      For preliminary and permanent injunctive relief requiring Defendants to cease and desist from further unfair competition and violations of law and to make restitution to those injured by its prior course of illegal wrongful conduct.

6.      For prejudgment interest on all amounts owed;

7.      For punitive damages;

8.      For attorney fees and costs pursuant to all applicable provisions of law.

9.      For such other and further relief the court deems just and proper.

Dated: July 1, 2008          VAN VLECK TURNER & ZALLER, LLP
                                Brian Van Vleck
                                Anthony J. Zaller

By: _____
                                Brian F. Van Vleck
                           Attorneys for Plaintiff
                           BARRETTE JASPER

CONFORMING ~~COPY~~

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brian F. Van Vleck (SBN 155250); Anthony J. Zaller (SBN 224844)<br>VAN VLECK TURNER & ZALLER LLP<br>555 West Fifth Street, 31st Floor<br>Los Angeles, CA 90013<br>TELEPHONE NO.: (213) 996-8445    FAX NO.: (213) 996-8378<br>ATTORNEY FOR *(Name)*: Plaintiff Barrette Jasper | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUL 0 1 2008<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>D.M. SWAIN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District

CASE NAME: JASPER, et al. v. C.R. ENGLAND

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC393631<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*: Four
5. This case ☒ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 1, 2008

Brian F. Van Vleck
_____
(TYPE OR PRINT NAME)                          ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit A
14 of 24
20

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36) Other
    Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A
15 of 24
21

CONFORMING
COPY

| SHORT TITLE | CASE NUMBER |
|---|---|
| JASPER, et al. v.C.R. ENGLAND, INC. | |

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☒ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☒ DAYS.

Item II. Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br><br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos- Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3. ,4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4 |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

| | | |
|---|---|---|
| CIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 1 of 4 |

| SHORT TITLE:<br>JASPER, et al. v.C.R. ENGLAND, INC. | | CASE NUMBER | |
|---|---|---|---|

**Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)**

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017   Legal Malpractice<br>☐ A6050   Other Professional Malpractice (not medical or legal) | 1, 2, 3.<br>1, 2, 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2, 3. |

**Employment**

| | | |
|---|---|---|
| Wrongful Termination<br>(36) | ☐ A6037   Wrongful Termination | 1, 2, 3. |
| Other Employment<br>(15) | ☒ A6024   Other Employment Complaint Case<br>☐ A6109   Labor Commissioner Appeals | 1, 2, 3.<br>10. |

**Contract**

| | | |
|---|---|---|
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019   Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5.<br>2, 5.<br>1, 2, 5.<br>1, 2, 5. |
| Collections<br>(09) | ☐ A6002   Collections Case-Seller Plaintiff<br>☐ A6012   Other Promissory Note/Collections Case | 2, 5, 6<br>2, 5. |
| Insurance Coverage<br>(18) | ☐ A6015   Insurance Coverage (not complex) | 1, 2, 5, 8. |
| Other Contract<br>(37) | ☐ A6009   Contractual Fraud<br>☐ A6031   Tortious Interference<br>☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5.<br>1, 2, 3, 5.<br>1, 2, 3, 8. |

**Real Property**

| | | |
|---|---|---|
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation          Number of parcels _____ | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023   Wrongful Eviction Case | 2, 6 |
| Other Real Property<br>(26) | ☐ A6018   Mortgage Foreclosure<br>☐ A6032   Quiet Title<br>☐ A6060   Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6. |

**Unlawful Detainer**

| | | |
|---|---|---|
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2, 6 |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2, 6 |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2 ,6. |

**Judicial Review**

| | | |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2, 6. |
| Petition re Arbitration<br>(11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5. |

| SHORT TITLE:<br>JASPER, et al. v.C.R. ENGLAND, INC. | | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Con't.d)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8. ,9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2.,8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment | 2., 3. ,9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3. ,9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3. ,4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9 |

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

American LegalNet, Inc.
www.FormsWorkflow.com

Page 3 of 4

Exhibit A
18 of 24
24

| SHORT TITLE:<br>JASPER, et al. v.C.R. ENGLAND, INC. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | ADDRESS:<br>CLASS ACTION TO BE FILED IN CENTRAL |
|---|---|
| CITY: | STATE: | ZIP CODE: | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___ Stanley Mosk ___ courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc , § 392 et seq , and LASC Local Rule 2.0, subds (b), (c) and (d)).

VAN VLECK TURNER & ZALLER LLP

Dated: July 1, 2008 _____

(SIGNATURE OF ATTORNEY/FILING PARTY)
Brian Van Vleck
Attorney for Plaintiff

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case

---

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions
All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

LACIV CCH 190 (Rev. 01/08)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 2 of 2

Exhibit A
20 of 24
26



*from the*

*LOS ANGELES SUPERIOR COURT*
***ADR DEPARTMENT***

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

- **ENE can reduce litigation time and costs and promote settlement.**

- ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- **ENE is voluntary and confidential.**

- The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

## LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**          A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION**          A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

**ENE**          A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE**          A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE**          Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**          Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 01-07)

Page 1 of 2

Exhibit A
22 of 24
28

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

**THIS IS A TWO-SIDED DOCUMENT.**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe):* _____

Dated: _____

_____
Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

☐ Additional signature(s) on reverse

ADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

Exhibit A
24 of 24
30

Exhibit "B"

1   Kathleen C. Jeffries
    Cal. Bar No. 110362
2   Christopher C. McNatt, Jr.
    Cal. Bar No. 174559
3   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
    2 North Lake Avenue, Suite 460
4   Pasadena, CA 91101
    (626) 795-4700
5   Fax:  (626) 795-4790
    kjeffries@scopelitis.com
6   cmcnatt@scopelitis.com

7   Attorneys for Defendant

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                   FOR THE COUNTY OF LOS ANGELS
10

11  BARRETTE JASPER, on behalf of        )   CASE NO. BC393631
    himself and all others similarly     )
12  situated,                            )
                                         )
13                    Plaintiffs,        )
                                         )
14          vs.                          )   **NOTICE OF REMOVAL TO**
                                         )   **ADVERSE PARTIES AND**
15  C.R. ENGLAND, INC.,                  )   **STATE COURT CLERK**
    and DOES 1 through 100, inclusive,   )
16                                       )
                      Defendants.        )
17

18         You are hereby notified that Defendant, C.R. England, Inc., has on August

19  11, 2008, filed in the U.S. District Court for the Central District of California its

20  Notice of Removal of this case.  A copy of the Notice of Removal is attached

21  hereto.

    Dated: August ____, 2008
22

23                                          Respectfully submitted,

24

25

26                                          _____
                                            Christopher C. McNatt, Jr.
27
                                            Attorney for Defendant,
28                                          C.R. England, Inc.

                              1                    Case No. BC393631

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

On, August 11, 2008, I served the foregoing document described as **NOTICE OF REMOVAL** on interested parties in this action by placing a √ true copy/ the _ original thereof enclosed in a sealed envelope addressed as follows:

> Brian Van Vleck, Esq.
> Anthony Zaller, Esq.
> Van Vkecl Turner & Zaller, LLP
> 555 West Fifth Street, 31st Floor
> Los Angeles, California 90013

√    **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 11, 2008, at Pasadena, California.

_____
Michelle Lazo

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV08- 5266 GW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>BARRETTE JASPER, on behalf of himself and all others similarly situated, | DEFENDANTS<br>C.R. ENGLAND, INC., and DOES 1 through 100, inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Brian Van Vleck and Anthony Zaller, VAN VLECK TURNER & ZALLER, 555 West Fifth Street, 31st Floor, Los Angeles, CA 90013; (213) 996-8445 | Attorneys (If Known)<br>Kathleen C. Jeffries and Christopher C. McNatt, Jr., SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP<br>2 North Lake Avenue, Suite 460, Pasadena, CA 91101; (626) 795-4700 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Claims for employee-related compensation

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: _____   **CV08-05266**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No   ☐Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Utah |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 11, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |