1  James H. Hanson (Ind. Bar #8100-49)
   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
2  10 West Market Street, Suite 1500
   Indianapolis, Indiana 46204
3  Tel: (317) 637-1777
   Fax: (317) 687-2414
4  jhanson@scopelitis.com

5  Kathleen C. Jeffries (SBN #110362)
   Christopher C. McNatt, Jr. (SBN #174559)
6  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 460
7  Pasadena, California 91101
   Tel:  (626) 795-4700
8  Fax: (626) 795-4790
   kjeffries@scopelitis.com
9  cmcnatt@scopelitis.com

10 Attorneys for Defendant
   C.R. ENGLAND, INC.
11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

| 14 | BARRETTE JASPER, on behalf of Himself and others similarly situated, | CASE NO.  08-CV-05266 GW (CWx) |
|---|---|---|
| 15 | Plaintiff, | ~~(PROPOSED)~~ PROTECTIVE ORDER |
| 16 | vs. | **NOTE CHANGES MADE BY COURT** |
| 17 | C.R. ENGLAND, INC. and DOES 1-100, INCLUSIVE, | |
| 18 | | |
| 19 | Defendants. | |

20
21       Based upon the stipulation by and between the parties hereto,
22 and in recognition of the provisions of Rule 26(c) of the Federal Rules of Civil
23 Procedure regarding the issuance of protective orders limiting the disclosure of
24 discovery information in appropriate circumstances,
25 ///
26 ///
27
28                                  1

IT IS HEREBY ORDERED THAT:

1. This Protective Order ("Protective Order") governs the treatment of all documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party ("Producing Party') in the above-captioned matter ("Action").

2. Any Producing Party may designate as confidential any Discovery Material that it believes in good faith contains legally protectable information in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

3. Any non-party may designate any document it produces, any deposition testimony it provides, or any other discovery it produces or provides to any party in this action as Confidential Information under the terms of this Order. The parties shall be bound by this Order's substance and procedures with respect to such discovery, but nothing shall prevent the parties in this action from seeking appropriate relief in either this Court, or in a court with proper jurisdiction over the discovery. Any designation by a non-party shall only be applicable to the actual document or discovery produced by the non-party, and shall not be applicable to any identical or similar discovery produced or provided by another non-party, or any party to this action.

4. Designation of documents or information as Confidential Discovery Material shall not be effective as to information obtained from the public domain or from sources (other than the Producing Party) who were

rightfully in possession of the information, regardless of whether such information is also contained in materials designated as Confidential Discovery Material pursuant to this Protective Order.

5. Designation of documents or information as Confidential Discovery Material shall not be effective as to information made publicly available by a party prior to the initiation of this litigation.

6. All Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing, in an unobtrusive manner, the legend "CONFIDENTIAL – SUBJECT TO COURT ORDER" on the face of the document and on each page or portion thereof so designated. Any such designation shall subject the document, its contents, or any portion thereof, to this Protective Order without any further act on the part of the Producing Party.

7. Confidential Discovery Material may only be used in connection with this litigation and for no other purpose. With the exception of the following persons, Confidential Discovery Material may not be disclosed or made available to any person or entity, without written consent from the Producing Party:

    a. The parties to this Action;

    b. Counsel representing the respective parties (including in-house counsel for any party) to this Action, who have executed the Stipulation re Entry of Protective Order, including attorneys, paraprofessionals, and employees of such firms;

    c. Experts, investigators or consultants, including any professional jury or trial consultant (hereinafter referred to

        collectively as "experts") retained by counsel for the parties to assist in the preparation and trial of this Action, provided that any such expert execute an Agreement to be bound by this Protective Order in the form attached hereto as Appendix A (the "Agreement") prior to disclosure, and a copy of such signed Agreement is retained by counsel for the party making such disclosures so that it may be shown to counsel for the Producing Party if a request therefor is made;

   d.   Employees, officers and directors of each party or its affiliate(s) to the extent that such person(s) are required in good faith to provide assistance in the prosecution or defense of this Action, provided that such non-counsel person(s) execute the Agreement prior to disclosure, and a copy of such signed Agreement is retained by counsel for the party making such disclosures so that it may be shown to counsel for the Producing party if a request therefore is made;

   e.   Potential non-party witnesses in this Action and their counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery, provided that any such persons and any such counsel execute the Agreement prior to disclosure, and a copy of such signed Agreement is retained by counsel for the party making

4

disclosure so that it may be shown to counsel for the Producing Party if a request therefore is made;

f. Any witness deposed in this Action, but only for the purpose of assisting in the preparation or examination of the witness, provided that the witness either (1) execute the Agreement prior to disclosure, and a copy of such signed Agreement is retained by counsel for the party making disclosure so that it may be shown to counsel for the Producing Party if a request therefore is made, or (2) agree orally on the record at deposition to be bound by this Order.

g. Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

h. Employees of third-party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system or in providing other clerical and support services; and

i. The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

8. All copies, duplicates, summaries or descriptions (hereinafter referred to collectively as "copies") of Confidential Discovery

Material, or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL – SUBJECT TO COURT ORDER" if those words do not already appear.

9. A Producing Party may, on the record of a deposition, or within ten business days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of such transcript(s), including exhibits and videotape, as Confidential Discovery Material under the terms of this Protective Order. Until the above-referenced ten-day period expires, the complete deposition transcript and videotape shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. Any testimony which describes a document or other discovery material that has been designated as "Confidential – Subject to Court Order," as described above, also shall be deemed designated as such. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be prominently marked "Confidential – Subject to Court Order" on the cover thereof and on each page that contains Confidential Discovery Material and, if filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of paragraph 14.

10. Confidential Discovery Material shall be used only for the prosecution or defense of this Action (including appeals), and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent court orders in this Action, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material. Should a party in possession of Confidential Discovery Material receive a subpoena, document request, or court order from

a nonparty seeking production or other disclosure of Confidential Discovery Material, he or she shall give written notice within seven days of receipt thereof, or, if the return date is shorter than 14 days, the same date as receipt, to counsel for the party who designated the material as "Confidential – Subject to Court Order." The notice shall enclose a copy of the subpoena, document request or court order. Unless a court order directs otherwise, the party in possession of Confidential Discovery Material shall not produce or disclose such material without first providing notice on the terms above to the following individuals by hand or overnight express courier, and with respect to a subpoena or document request shall not produce any such material in the absence of an order requiring such production, entered after the Producing Party has been notified of the request for production and has been given reasonable opportunity to intervene and object to such production:

    a.    Attorney for Defendants:

        James H. Hanson

        Scopelitis, Garvin, Light, Hanson & Feary, P.C.

        10 West Market Street, Suite 1500

        Indianapolis, IN 46204

        Telephone: (317) 637-1777

        Facsimile: (317) 687-2414

    b.    Attorney for Plaintiffs:

        Brian Van Vleck

        Anthony J. Zaller

        Van Vleck Turner & Zaller, LLP

        555 West Fifth Street, 31st Floor

        Los Angeles, California 90013

Telephone: (213) 996-8445

Facsimile: (213) 996-8378

11.     The inadvertent failure to stamp Discovery Material, or a portion thereof, with the "Confidential – Subject to Court Order" designation in no way alters or waives the protected and confidential nature of the Discovery Material otherwise deserving of such a designation and does not remove it from the scope of this Protective Order provided that the Producing Party notifies the receiving party, in writing, no later than 14 days prior to the filing of the final pretrial order, that the Confidential Discovery Material was not properly designated.  Such written notice shall identify with specificity the Discovery Material the Producing Party is then designating to be "Confidential – Subject to Court Order" and shall promptly provide a replacement copy of such Confidential Discovery Material with the appropriate "Confidential – Subject to Court Order" designation thereupon.  Once the replacement copy is provided, the receiving party shall return the original copy that was produced without the appropriate "Confidential – Subject to Court Order" designation to the Producing Party or discard it in a manner reasonably calculated to prevent disclosure of the Confidential Information.  Treatment of Confidential Discovery Material, which was inadvertently produced without the appropriate "Confidential – Subject to Court Order" designation, in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order.

12.     The following procedures shall apply to any disputes arising from the designation of Discovery Materials as Confidential pursuant to this Protective Order:

8

a. If a party in good faith disagrees with the Producing Party's confidential designation, that party shall inform counsel for the Producing Party in writing of that disagreement no later than 14 days prior to the filing of the final pretrial order;

b. Upon written notification that a party disagrees with a confidential designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without the Court's intervention;

c. If the dispute is not resolved within 14 days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke the Court's rules and procedures for raising discovery disputes. The Producing Party shall bear the burden of proving that information has properly been designated as Confidential Discovery Material; and

d. Until such time as any such judicial process has been initiated and resolved, all parties receiving Confidential Discovery Material shall abide by the designation.

13. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. The Producing Party must notify the receiving party within ten business days after learning or discovering that such inadvertent production has been made. After being notified, the receiving party must promptly return or destroy the specified information and any copies it has, and may not use or disclose the information until the claim is resolved. The

1  receiving party may promptly present the information to the Court under seal
2  for determination of the claim.  If the receiving party disclosed the information
3  before being notified, it must take reasonable steps to retrieve it.  The
4  Producing Party must preserve the information until the claim is resolved.

5        14.  Any party seeking to file Confidential Discovery Material
6  with the Court must move the Court for leave to file the material under seal for
7  good cause, or allow the Producing Party to seek such approval, either before
8  filing any Confidential Discovery Material under seal, or contemporaneously
9  therewith.  The Producing Party shall maintain the original documents intact
10 for any further review.  A redacted copy of the pleading shall be filed with the
11 Clerk of Court for the record.  If the Court denies leave to file the material
12 under seal, the material may be filed (or re-filed) with the Court.  A Producing
13 Party's decision to file its Confidential Discovery Material with the Court not
14 under seal will cause material to lose its "Confidential – Subject to Court
15 Order" designation under the terms of this Protective Order.  Nothing in this
16 Protective Order shall prevent any party or non-party (including interested
17 members of the public) from petitioning the Court for reconsideration of a
18 determination allowing Confidential Discovery Material to be filed under seal.

19       15.  **This stipulated protective order does not govern the use**
20 **of** Confidential Discovery Material ~~may be offered into~~ **as** evidence at trial or at
21 any hearing in open court. ~~provided that the offering party applies for an order~~
22 ~~that the evidence be received in camera or under other less public~~
23 ~~circumstances to prevent unnecessary disclosure. Any request for~~
24 ~~confidentiality, closure or sealing of any hearing or trial must be made to the~~
25 ~~judge then presiding. If the offering party does not intend to apply for such an~~
26 ~~order, it~~ **A party offering such evidence** must provide the Producing Party

with reasonable advance notice of its intention to offer the Confidential Discovery Material into evidence at trial or in open court.

16. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit to so use or discuss that material for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order, with the exception of a release of the Confidential Discovery Material into the public domain.

17. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Nor shall anything in this Protective Order be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privilege preventing disclosure of certain information.

18. Each document, material, or other thing, or portion thereof designated "Confidential – Subject to Court Order" shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

19. Except as otherwise agreed in writing by the parties, within 90 days after the entry of a final judgment (including resolution of appeals or petitions for review), all Confidential Discovery Material supplied by a Producing Party and all paper copies and reasonably available electronic

1 copies thereof (including, without limitation, copies provided to testifying or
2 consulting experts) shall, at the possessing party's choice, be returned to the
3 Producing Party, or possessing counsel shall certify to the Producing Party
4 that all such materials in their possession, custody or control have been
5 destroyed in a manner reasonably calculated to prevent disclosure of the
6 Confidential Discovery Material. ~~The Clerk of Court may return to counsel for~~
7 ~~the parties, or destroy, any sealed material at the end of the litigation,~~
8 ~~including any appeals.~~ This Protective Order shall survive the final
9 termination of this Action with respect to any such Confidential Discovery
10 Material, except as provided in Paragraph 21.

11 ~~20.    Within 60 days after this Action is closed in the District~~
12 ~~Court by a final judgment and all appeal rights have expired, any Producing~~
13 ~~Party may obtain the return of any previously sealed or previously restricted~~
14 ~~Discovery Material filed with the Clerk of Court by moving the Court for the~~
15 ~~return of such Discovery Material. Any Discovery Material that is not so~~
16 ~~withdrawn will become part of the permanent public case file.~~

17 21.    Nothing in this Protective Order shall preclude a party from
18 seeking modification of this Protective Order to provide greater protection than
19 afforded under this Order.  However, no information may be withheld from
20 discovery on the ground that the material to be disclosed requires protection
21 greater than that afforded by this Protective Order, unless the party claiming a
22 need for greater protection moves for an order providing such special
23 protection pursuant to Federal Rule of Civil Procedure 26(c).

24 22.    Any party may apply to this Court, upon written notice, in
25 accordance with the rules of this Court, for an Order amending, modifying or
26 vacating all provisions of this Protective Order.  Nothing in this Protective

Order shall be construed as prejudicing any Producing Party's right to seek an agreement or court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall bind the parties with respect to the matters covered herein.

Dated: April 15, 2009                    ____/S/ Carla M. Woehrle_____
                                         United States Magistrate Judge

# APPENDIX A

## AGREEMENT

My full name is _____. I am presently employed by _____ in the position of _____. My residence address is _____.

I hereby acknowledge that I am to have access to information designated in this litigation as "CONFIDENTIAL – Subject To Court Order" for the purpose of _____, if permitted by the terms of the parties' Stipulation and resulting Protective Order ("Protective Order") in the above-captioned litigation. I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of such Protective Order entered _____, 200\_\_, in the above-captioned litigation, and that I have been given a copy of and have read said Protective Order and agree to be bound by the terms thereof. I further agree to subject myself to the jurisdiction of the United States District Court for the Central District of California regarding resolution of any matter pertaining to said Protective Order.

Dated: _____   Signature: _____

Printed Name: _____