VAN VLECK TURNER & ZALLER LLP
   Brian Van Vleck, State Bar No. 155250
   Anthony Zaller, State Bar No. 224844
555 West Fifth Street
31st Floor
Los Angeles, California 90013
Telephone: (213) 996-8445
Facsimile: (213) 996-8378
bvanvleck@vtzlaw.com
azaller@vtzlaw.com

Attorneys for Plaintiffs
BARRETTE JASPER and
DARRIN COOK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETTE JASPER, DARRIN COOK, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>C.R. ENGLAND, INC.; and DOES 1-100, Inclusive.<br><br>    Defendants. | Case No.: 08-CV-05266 GW (CWx)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CR ENGLAND'S EX PARTE MOTION TO RECONSIDER AND VACATE CLASS CERTIFICATION**<br><br>Action Filed: July 1, 2008<br>Trial Date: None Set |

## I. INTRODUCTION

Class certification in this case was based on repeated briefing and an extensive and rigorous analysis of the evidence, and the Court's well-reasoned decision was solidly within its discretion under Rule 23.

CR England ("CRE") naturally disagrees with the outcome. As it recognizes, however, it has the option of petitioning for discretionary appellate review under Rule 23(f) or bringing a later motion for decertification based on any material change in the record. In the meantime, however, CRE's request to immediately vacate the Court's June 20 order is merely an improper and unauthorized decertification motion. Decertification cannot, and should not, be decided in such a peremptory fashion. An *ex parte* decertification motion is not authorized by any recognized procedural rule, and should be rejected on that ground alone.

Moreover, even if CRE's *ex parte* application was procedurally proper it is not supported by any good cause. Indeed, the application merely repeats the identical arguments which were already extensively briefed and asks the Court to now reach the opposite result.

The opinion in *Wal-Mart Stores, Inc. v. Dukes*[1] is a paper-thin excuse for re-litigating these issues so soon after the Court's ruling. *Dukes* involved a class of 1.5 million women who were challenging millions of separate personnel actions by tens of thousands of managers under Title VII. *Dukes* may have received popular media coverage due to its impact on a large number of plaintiffs, but it is not a change in class certification law. The unwieldy nature of the *Dukes* class is utterly dissimilar to the present action which involved Labor Code violations alleged by a coherent class of several hundred California drivers.

The decision in *Dukes* thus has no application to this case and it is therefore not good cause for reconsideration – much less a peremptory *ex parte* order vacating

---

[1] *Wal-Mart Stores Inc. v. Dukes*, ___ U.S. ___, 2011 WL 2437013 (2011).

1  class certification in this case. CRE's ex parte application must be denied.

2

3  **II. ARGUMENT**

4  A.   **CRE's Ex Parte Motion Is Procedurally Improper**

5      Local Rule 7-18 authorizes a noticed motion for reconsideration based on a "material difference in fact or law" and further provides that "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." CRE, however, is asking the Court to summarily vacate its own order based on a repetition of the identical arguments that were already repeatedly briefed and considered. This is entirely unauthorized and unjustified.

    In effect CRE is arguing that immediately giving it the decertification order it desires will be more convenient because it can then avoid a Rule 23(f) petition for review. CRE's continued disagreement with the Court's certification ruling and its threat to seek appellate review are not "emergencies" justifying the truly extraordinary request for an *ex parte* motion to vacate.

18  B.   *Dukes v. Wal-Mart* **Has Not Altered The Legal Standards Previously Applied By This Court.**

    In any event, *Dukes v. Wal-Mart* is hardly a "material change" in class certification law. CRE repeatedly over-reads and misrepresents *Dukes* as supposedly setting forth new rules as to what specific evidence will suffice to warrant certification in all cases. The most cursory review of the opinion reveals that this is incorrect.

    *Dukes* merely applied the same well-worn certification principles articulated in the leading 1982 opinion in *Gen. Tel. Co. of Southwest v Falcon* to a highly unusual fact pattern -- i.e., the largest and most diverse Title VII class ever certified under Rule 23. Indeed, as the Supreme Court explicitly explained that "This Court's

opinion in *Falcon* describes how the commonality issue must be approached."[2] Indeed, the *Falcon* case figured prominently in the briefing and arguments to this Court and its analysis has thus already been considered. Thus *Dukes* is not a change in the relevant law.

C. **<u>*Dukes v. Wal-Mart* Is Not Even Instructive, Much Less Controlling, Because It Involved Completely Different Claims and Facts.</u>**

The *Dukes* opinion is not on-point in this case because it involved a fact-intensive analysis of class claims that could not be more different from those certified here.

The *Dukes'* class included 1.5 million female employees who claimed they had been discriminated against in innumerable subjective personnel decisions by different supervisors, in different stores, in different states, in different time periods. Yet, the plaintiffs failed to identify any common corporate policy that was supposedly responsible for skewing these decisions in a discriminatory direction. As the Supreme Court observed "respondents wish to sue about literally millions of employment decisions at once" and yet "The only corporate policy that the plaintiffs' evidence convincingly establishes is Wal–Mart's 'policy' of *allowing discretion* by local supervisors over employment matters."[3] The Court found that under these circumstances the class had not demonstrated a plausible roadmap for establishing at trial that "discrimination was the company's standard operating procedure, the regular rather than the unusual practice."[4]

By contrast, this Court's June 20 certification order applied Rule 23 to a far smaller and more cohesive class of several hundred truck drivers who are seeking restitution of earned but unpaid wages under the California Labor Code. Unlike in

---

[2] *Dukes, supra,* at *8.
[3] *Dukes, supra,* at *8, *9.
[4] *Dukes, supra,* at *7, n. 7.

OPPOSITION TO *EX PARTE* APPLICATION

1 *Dukes* the class identified <u>specific written policies by CRE</u> which allegedly
2 discouraged and prevented them from exercising their right to off-duty meal breaks.
3     The class here also identified specific methods for evaluating the effect of
4 these policies on a class-wide basis -- e.g., analysis of the policies themselves and
5 their obvious tendency to discourage and prevent off-duty breaks; representative
6 testimony corroborating that this was their effect in practice; the DOT time logs
7 showing that working through breaks is the standard operating practice at CRE; and
8 the class-wide inference to be drawn from CRE's deliberate refusal to maintain its
9 own contemporaneous break records as required by Wage Order 9-2001, Section 7.
10     Thus, *Dukes* merely applied black letter Rule 23 principles to an extraordinary
11 -- and extraordinarily different -- fact pattern. As a result, the *Dukes* decision can
12 have no impact on the validity of this Court's certification order. CRE's *ex parte*
13 request to reconsider and vacate this well-reasoned order should therefore be denied.

Dated: June 27, 2011        VAN VLECK TURNER & ZALLER, LLP
                                  Brian Van Vleck
                                  Anthony J. Zaller

By:         /s/
        Brian F. Van Vleck
Attorneys for Plaintiffs
Barrett Jasper and Darrin Cook