JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRETTE JASPER and DARRIN COOK, on behalf of himself and others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>C.R. ENGLAND, INC.; and DOES 1-100, Inclusive.<br><br>         Defendants. | Case No.: CV 08-5266-GW(CWx)<br><br>**CLASS ACTION**<br><br>**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT**<br><br>Action Filed: July 1, 2008<br>Trial Date:    TBD_____ |

# ORDER

The Final Fairness and Approval Hearing was conducted on November 3, 2014, at 8:30 a.m. before George W. Wu in Courtroom 10 the United States District Court, Central District of California, located at 312 N. Spring St, Los Angeles, California 90012. Plaintiffs were represented by Brian F. Van Vleck and Anthony J. Zaller of the Van Vleck Turner & Zaller, LLP, and Defendant C.R. England, Inc. was represented by James H. Hanson and R. Jay Taylor, Jr. of Scopelitis, Garvin, Light, Hanson, and Feary, P.C., and Christopher McNatt of Scopelitis, Garvin, Light, Hanson, and Feary, LLP.

After full consideration of the pleadings and evidence submitted, proof being made to the satisfaction of this Court and good cause appearing therefore, and for the reasons set forth in the Court's Final Ruling entered on November 5, 2014, Docket No. 288,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the subject matter of the above-captioned litigation and over all parties to this litigation, including all members of the Settlement Class.

2. This Court hereby incorporates by reference the definitions of the Stipulation of Settlement, filed in this matter as Docket No. 226-1 on February 18, 2014, as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

3. The Court hereby approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendant's defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and

1  legal investigation. In granting final approval of the Settlement, the Court considered
2  the nature of the claims, the amounts and kinds of benefits paid in settlement, the
3  allocation of settlement proceeds among the Class Members, and the fact that the
4  Settlement represents a compromise of the parties' respective positions rather than
5  the result of a finding of liability at trial. Additionally, the Court finds that the terms
6  of the Settlement have no obvious deficiencies and do not improperly grant
7  preferential treatment to any individual Class Member. The Court further finds that
8  the response of the Class to the Settlement supports final approval of the Settlement.
9  Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement
10 are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v.*
11 *Boeing*, 327 F.3d 938, 960 (9th Cir. 2003). The Court also hereby finds that
12 Plaintiffs have satisfied the standards and applicable requirements for final approval
13 of this class action settlement under Rule 23.  Accordingly, the Court grants final
14 approval to the Settlement Agreement and all terms and provisions of the Settlement
15 Agreement are ordered to be completed.

16    4.    The Court hereby unconditionally certifies, for purposes of settlement
17 only, the Settlement Class, defined in the Court's Preliminary Approval Order (ECF
18 No. 232) and in Article I, Section 5 of the Settlement Agreement as "current and
19 former employee truck drivers of England, including full-time and part-time drivers,
20 driver trainees, and Phase 1 and Phase 2 drivers, who resided in California and
21 worked for England at any time during the Class Period."

22    5.    Upon the Effective Date of Settlement as set out in the Settlement
23 Agreement, the Settlement Classes, in this action and all members of the Classes who
24 have not submitted a valid and timely request for exclusion from the Settlement
25 Classes, shall be deemed to have conclusively, fully, and completely released and
26 discharged Released Parties from all Released Claims.

27    6.    The Court hereby awards $2,450,000  in Class Counsel Attorneys' Fees
28 and $232,500 in Class Counsel's Litigation Costs incurred in the above-captioned

litigation. The Court also awards Incentive Awards to the Class Representatives as follows: $7,500 to Barrette Jasper and $10,000 to Darren Cook.

7. Payment of $10,000 is to be made to the California Labor Workforce Development Agency as provided in the Settlement Agreement.

8. The Court authorizes and directs the Settlement Administrator to calculate and make payments to all Class Members who made timely, valid claims as provided for in the Settlement Agreement.

9. The Court overrules the Objections filed by Jim Wilson and others (the "Campbell Objectors") (ECF No. 243) for the reasons stated on the record and in the Court's previous Orders. Any additional objections submitted by the Campbell Objectors after the objection deadline are overruled as untimely and in any event would have been overruled for the same reasons as the timely Objections.

10. The Court hereby awards $42,440.40 in attorney's fees and $6,953.60 in expenses to counsel for the Campbell Objectors, Swartz Swidler, LLC, which amounts are to be paid from the Gross Settlement Amount payable by Defendant pursuant to the Settlement Agreement.

11. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement. The Action is dismissed on the merits with prejudice and without costs to any party except as otherwise provided herein. The Court shall retain jurisdiction over the Settlement Agreement, the parties thereto, and all related matters for interpretation, implementation and enforcement of the Settlement Agreement.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: November 12, 2014 _____
GEORGE H. WU, U.S. District Judge